## JAMES BOON v. MARY GIVENS.

**Dower—Fee Simple Estate.**

> The acceptance of a vendee, of a husband's conveyance, while having the effect to estop the purchasers vendees from denying the husband had title, it can not be construed into an admission that he held such an estate in the land as will entitle his surviving wife to dower, without proof by her that he was seized and possessed of the land in fee simple.

APPEAL FROM NELSON CIRCUIT COURT.

January 16, 1871.

OPINION OF THE COURT BY JUDGE LINDSAY:

The petitioner in this action alleges that her deceased husband was, on the 20th of September, 1825, upon which day he made the conveyance to Stanislaus Burche, "seized and possessed of the two tracts of land out of which she claims dower. Whether or not he was seized of an estate in fee simple in said land is not directly charged. The answer, however, distinctly and unequivocally denies that he was ever at any time "seized and possessed" of said lands at all.

There is no proof in the record tending to show that the husband of the appellee was at any time during the coverture in the actual possession of the lands. Nor that he had title of any kind to the same.

The acceptance of Burche of the husband's conveyance may

have the effect of estopping those who hold under him from deny-ing that he had title of some kind, but it can not be construed into an admission that he held such an estate in the lands as will entitle his surviving wife to dower.

Besides, the petitioner signed the deed to Burche, and she ad-mits in her petition that she attempted to relinquish her potential right of dower in the lands. She claims, however, that she did not acknowledge and deliver said deed in the manner and form required by the statute to make it binding upon her. As she repudiates the paper to which she admits she was a party, she can not in a court of equity be allowed to rely upon the same as sufficient evidence of itself to authorize her to recover in a pro-ceeding of this kind.

We are of opinion that the record before us does not show that George Given, deceased, was, during his coverture with the appel-lee, seized of such an estate in the two tracts of land mentioned in her petition as under the law entitled her to dower.

The judgment of the court below is, therefore, reversed, and the cause remanded for further proceedings consistent herewith.

*Johnson*, for appellant.

*Muir & Wickliffe*, for appellee.